Burke I. Burke, J.
A petition by the natural mother has been presented to this court in the above-entitled proceeding praying that she be allowed to renounce her consent to the adoption of the infant, wayne van allen. A hearing on the petition was conducted before this court on the 10th day of January, 1958. From the natural mother’s affidavit and from the evidence adduced at the hearing, it appears that the infant in question was born on the 3d day of December, 1957 and that the consent to the adoption was obtained from the natural mother on the 12th day of December, 1957, and is dated on that day. The following day, December 13, 1957, a petition for the adoption of the said infant by the prospective foster parents *382 was presented to this court. There is evidence that within a few days of the date of the consent, the natural mother indicated to the attorney for the adopting parents that she had undergone a change of mind and that said change of mind was culminated by her petition, dated January 8, 1958, to be allowed to renounce her consent.
Subdivision 7 of section 112 of the Domestic Relations Law requires that if the foster child is under the age of 18 years, no order of adoption shall be made until such child has resided with the foster parents for at least six months. Such waiting period can be waived.by the court only upon good and sufficient reason which must be stated in the order of adoption. The reason for such waiting period is to give both the natural parents and the foster parents sufficient time to reflect and consider their action.
A review of the cases on this question indicates that the natural parent may withdraw her consent to the adoption within the six-month period prescribed by the statute and before any final order of adoption is entered, as long as said withdrawal is not done capriciously or to mulct the prospective foster parents. From the evidence, it appears that the natural mother’s withdrawal of her consent is not capricious or due to any motive other than a mother’s instinctive desire to retain custody of her natural child. Her conduct, from the evidence, does not constitute an abandonment of the infant child so that her consent would not be necessary in the adoption proceeding. (People ex rel. Miller v. Butts, 99 N. Y. S. 2d 913; Bardorf v. Talbot-Perkins Adoption Soc., 240 App. Div. 275; Matter of Burke, 60 N. Y. S. 2d 421; People ex rel. Anonymous v. Anonymous, 195 Misc. 1054; Matter of Cohen, 155 Misc. 202.)
Evidence has been introduced that the prospective adoptive parents are of fine character and have means to care for the infant child materially in a more sufficient manner than the natural mother. However, the rights of the natural mother to the custody of her own child cannot be considered lightly, and are paramount over the betterment of the temporal welfare of the child. Her right to a timely withdrawal of her consent after a period of reflection should not be denied her. (Matter of Livingston, 151 App. Div. 1; Matter of Bistany, 239 N. Y. 19.)
It is the decision of this court that the natural mother be allowed to withdraw her consent to the adoption, and the petition for the adoption of the above infant is accordingly denied.
Let an order be entered accordingly.